IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–23–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ADAM BENTLEY, | |
| Defendant. | |

Before the Court is Defendant Adam Bentley's Unopposed Motion for Early Termination of Supervision. (Doc. 45.) The United States does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the Motion.

## Background

On February 21, 2023, Defendant was sentenced for being a prohibited person in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) and possession with intent it distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Doc. 42.) The Court sentenced Defendant to three years of probation as to each count, to run concurrently with one another. (*Id.* at 2.) His term of probation is projected to end on February 21, 2026. (Doc. 46 at 2.)

1

**DISCUSSION**

Under federal law, this Court:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see also United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Bentley has served over one year of his term of probation and is therefore statutorily eligible for the premature termination of his remaining term of probation.

In determining whether to grant an early termination of probation, courts consider certain factors. These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context. *Emmett*, 749 F.3d at 821.

Defendant argues that the Court should terminate the remainder of his term of probation because Defendant has been an exemplary supervisee with no reported violations. (Doc. 46 at 2.) According to Defendant's United States Probation Officer, Defendant's risk of recidivism is low. (*Id.* at 3.) Throughout Defendant's term of probation, he has maintained his sobriety. (*Id.*) Defendant has participated in mental health services and learned healthy coping strategies to manage his ADHD, stress, and mild depression—all triggers that led to the offense conduct in this matter. (*Id.*)

Defendant further explains that he seeks early termination "to cultivate a better life for his young daughter." (*Id.*) Defendant and his partner wish to move to a more affordable location in closer proximity to family. (*Id.*) While Defendant has worked at a restaurant for the past there years, there is no opportunity for promotion in his current job. (*Id.* at 5.) Thus, moving to a new location would also allow Defendant to pursue better career opportunities. (*Id.*)

Based on Defendant's compliance with the terms of probation, his continued sobriety, and his commitment to his family, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Therefore, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that the Motion (Doc. 45) is GRANTED. Defendant Adam Bentley's term of probation is terminated as of the date of this Order.

DATED this 22nd day of April, 2025.

_____
Dana L. Christensen, District Judge
United States District Court